IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RICHARD G. POWELL and
DEBRA Y. POWELL                                                                                  PLAINTIFFS

v.                                        Case. No. 4:13-cv-00195 KGB

CAMPING WORLD RV SALES LLC,
MERCEDES BENZ USA, LLC,
WINNEBAGO INDUSTRIES, INC.,
AND TLR, INC.                                                                                     DEFENDANTS

**OPINION AND ORDER**

Plaintiffs Richard and Debra Powell filed this action against Camping World RV Sales LLC ("Camping World") on February 22, 2013, in the Circuit Court of Pulaski County, Arkansas. On April 3, 2013, Camping World filed its answer and removed the action to this Court. On October 5, 2013, the Powells filed their first amended complaint (Dkt. No. 12), adding claims against Mercedes Benz USA, LLC ("Mercedes Benz"), Winnebago Industries, Inc. ("Winnebago"), and Truck Centers of Arkansas, doing business as TRL, Inc. ("Truck Centers") (improperly identified in filings as "TLR, Inc.").

This case arises out of the Powells' purchase of a Winnebago View Motorcoach recreational vehicle. The Powells' first amended complaint alleges that Camping World, Mercedes Benz, and Winnebago violated the Arkansas New Motor Vehicle Quality Assurance Act, Ark. Code Ann. § 4-90-401, *et seq.*, by delivering to the Powells a motor vehicle that contained a "nonconformity" as defined in that act. Further, the Powells claim that Camping World breached its contract with the Powells by failing to furnish them a new vehicle. The Powells also claim breach of contract against Camping World, Mercedes Benz, and Winnebago for failing to repair the vehicle in a timely manner. Accordingly, the Powells seek to revoke

their acceptance of the motor vehicle they purchased from Camping World under Arkansas Code Annotated § 4-2-608. Lastly, the Powells allege that Camping World committed the tort of deceit and that Truck Centers negligently performed its repairs to the vehicle.

Before the Court are Camping World's motion for summary judgment (Dkt. No. 32), including the Powells' response (Dkt. No. 49) and Camping World's reply (Dkt. No. 52); Mercedes Benz's motion for summary judgment (Dkt. No. 37), including the Powells' response (Dkt. No. 48) and Mercedes Benz's rejoinder (Dkt. No. 60); and Winnebago's motion for summary judgment (Dkt. No. 38), including the Powells' response (Dkt. No. 47) and Winnebago's rejoinder (Dkt. No. 60). The Powells also have filed a reply to Mercedes Benz and Winnebago's rejoinder (Dkt. No. 71). The Powells also have filed a motion for leave to file a supplemental complaint (Dkt. No. 46), to which all defendants have responded (Dkt. Nos. 56, 61, 70). The Powells have replied to all defendants' responses to the motion for leave to file a supplemental complaint (Dkt. Nos. 65, 67, 72, 73).

Additionally, before the Court are several evidentiary motions. The Powells have filed a motion to exclude certain opinion testimony of camping world experts T.J. Smith (Dkt. No. 40), and Mark Byrd and Larry Sharp (Dkt. No. 41); a motion to exclude all TLR proffered expert witnesses (Dkt. No. 87); a motion to exclude Ron Post (Dkt. No. 93); and a motion in limine as to all defendants (Dkt. No. 94). Camping World has filed its motion in limine no. 1 (Dkt. No. 63); and motion in limine no. 2 (Dkt. No. 83). Winnebago and Mercedes Benz have filed joint motions in limine no. 1, no. 2, and no. 3 to exclude portions of the expert reports and purported expert testimony to be offered by the Powells' witnesses (Dkt. No. 84; Dkt. No. 91; Dkt. No. 99).

The Court held a motion hearing on these matters on Wednesday, October 15, 2014. At that hearing, for reasons stated on the record and in this Order, the Court granted the Powells'

motion for leave to file a supplemental complaint (Dkt. No. 46) and removed this case from the trial docket for October 27, 2014. A new trial date and a second amended final scheduling order will be set by separate order.

## I. Background

On January 13, 2012, Richard and Debra Powell purchased a 2012 Winnebago View Motorcoach ("Motorcoach") vehicle from Camping World, which is a recreational vehicle dealer. Winnebago finished the manufacturing of the Motorcoach in Forest City, Iowa, by constructing it on a 2011 model frame, or chassis, manufactured by Mercedes Benz.

At the time that the Powells purchased the Motorcoach from Camping World, Mr. Powell signed a retail sales agreement and an odometer disclosure statement. The sales agreement contained explicit waivers by Camping World of any express warranties made by manufacturers and of the implied warranties of merchantability and fitness for a particular purpose. The odometer disclosure statement represented to the Powells that, at the time of their purchase, the Motorcoach had been driven for 1,730 miles, which is the approximate distance the Motorcoach travelled from Forest City, Iowa, to a Camping World dealership in Dothan, Alabama, and from there to the Camping World dealership in North Little Rock, Arkansas, where the Powells purchased the vehicle.

From January 13, 2012, to July 26, 2012, the Powells drove the Motorcoach at least an additional 1,000 miles. On July 26, 2012, the Powells were driving the Motorcoach when it malfunctioned. The Powells contacted Camping World about the malfunction, and the Motorcoach was towed to Truck Centers for repairs. Truck Centers inspected the vehicle and made several repairs. Ultimately, Truck Centers determined that contaminated fuel caused the

Motorcoach's malfunction and communicated this determination to the Powells. Mercedes Benz and Winnebago refused to pay for the repairs, and Truck Centers demanded from the Powells payment for the repairs and storage costs.

On February 22, 2013, the Powells filed this action against Camping World in the Circuit Court of Pulaski County, Arkansas. Camping World removed the action to this Court on April 3, 2013. The Final Scheduling Order set the deadline for adding parties and amending pleadings as August 12, 2013 (Dkt. No. 6). After Camping World served on July 25, 2013, its initial disclosure on the Powells, the Powells on September 12, 2013, filed a motion for leave to amend their complaint (Dkt. No. 10). The Court granted that motion, and the Powells amended their complaint on October 15, 2013, adding claims against Mercedes Benz, Winnebago, and Truck Centers. The first amended final scheduling order was entered on March 11, 2014 (Dkt. No. 22). The first amended final scheduling order did not alter the deadline for amending pleadings. Furthermore, the first amended final scheduling order set the deadlines for expert disclosures as May 20, 2014, for the Powells and June 30, 2014, for defendants.

The first amended complaint asserts claims under the Arkansas New Motor Vehicle Quality Assurance Act, Ark. Code Ann. § 4-90-401, *et seq*.; for breach of contract; for revocation of acceptance of the Motorcoach; and for the tort of deceit. The Powells' claims in their first amended complaint appear rooted in their allegations that the Motorcoach was not "new" since it had been driven nearly 1,800 miles prior to the Powells' purchasing the vehicle. The first amended complaint states that Mercedes Benz and Winnebago "refused to make payment for the repairs, because the repairs were allegedly caused by contaminated fuel, per Truck Centers" (Dkt. No. 12, ¶ 8).

Camping World's initial disclosure, served on the Powells on July 25, 2013, included as an exhibit the certificate of origin issued by Winnebago. Winnebago's certificate of origin is dated October 11, 2011, and certifies that the Motorcoach "is the property of the said company … and is transferred on the above date…." (Dkt. No. 57, Ex. 1). On December 20, 2013, Winnebago filed its initial disclosures, which included a certificate of origin issued by Mercedes Benz. Mercedes Benz's certificate of origin is dated April 30, 2011, and certifies that the Motorcoach "is the property of the said company … and is transferred on the above date…." (Dkt. No. 57, Ex. 3).[1]

Winnebago answered the Powells' interrogatories on May 8, 2014. In Interrogatory No. 1, the Powells inquired about dates on which Winnebago introduced fuel into the Motorcoach and the manner in which the Motorcoach was shipped from Mercedes Benz to Winnebago. Winnebago's answer to Interrogatory No. 1 stated that Winnebago introduced fuel into the Motorcoach on or about September 8, 2011, and that "the fuel tank on the vehicle received by Winnebago from Mercedes-Benz contained a small amount of fuel when the same was received" (Dkt. No. 65-1, at 3).

Mercedes Benz answered the Powells' interrogatories on June 10, 2014. In Interrogatory No. 1 to Mercedes Benz, the Powells inquired about dates on which Mercedes Benz introduced fuel into the Motorcoach and "the manner in complete detail that the Sprinter was shipped from you to Winnebago" (Dkt. No. 65-1, at 3). On June 10, 2014, Mercedes Benz first answered that "[t]his information cannot be determined at this time" (Dkt. No. 65-1, at 3). Mercedes Benz served its amended answers to the Powell's interrogatories on August 18, 2014, stating that "[a]

---

[1] Mercedes Benz's certificate of origin indicates the Motorcoach was transferred to Loeber Motors, Inc. in Lincolnwood, Illinois. Nonetheless, neither Loeber Motors, Inc. nor Illinois is mentioned anywhere else in the filings before the Court.

5

small amount of fuel was introduced into the Sprinter to allow for testing and shipping" (Dkt. 65-1, at 3).

On May 30, 2014, the Powells filed their amended disclosure of expert witnesses, which listed a summary of facts and opinions about which the Powells' expert, A.L. Baxley, anticipates testifying. This summary states:

> Defendants have admitted that they each put diesel fuel into Plaintiffs' Winnebago prior to making delivery to Plaintiffs. Accordingly, Defendants cannot prove that they did not put contaminated diesel fuel into Plaintiffs' vehicle. Defendants also cannot prove that the diesel fuel they put into Plaintiffs' Winnebago did not become contaminated.

(Dkt. No. 57, Ex. 5).

The Powells deposed Mercedes Benz's expert Mark Byrd on August 14, 2014. Mr. Byrd testified in part as to the meaning of the dates on Mercedes Benz and Winnebago's certificates of origin and as to the production and shipping process of the Motorcoach. Mr. Byrd stated that the date on Mercedes Benz's certificate of origin, April 30, 2011, was the "production date of the vehicle," or "the date that the vehicle comes off the assembly line at the manufacturing plant" (Dkt. No. 46-3, Ex. 4). To his knowledge, Mr. Byrd said the date on Winnebago's certificate of origin was likely the date Winnebago "finished their upfitting to the vehicle" (Dkt. No. 46-3, Ex. 4). Further, Mr. Byrd testified that Mercedes Benz usually puts some amount of fuel in their vehicles for testing and starting the vehicle.

Defendants deposed the Powells' expert Edward Carrick on August 27, 2014. Mr. Carrick testified that he had developed a "new opinion" that was not in his expert report. Mr. Carrick's new opinion was that, if the Motorcoach sat at Winnebago for "about a six-month time frame" with low amounts of fuel that was in "poor shape" or contaminated, then "that would be a

6

very good opportunity, pretty good likelihood that fuel can be damaged or contaminated or go bad during that time frame" (Dkt. No. 46-3, Ex. 1).

Based largely on Mr. Carrick's new opinion, the Powells filed a motion for leave to file a supplemental complaint on September 9, 2014. The Powells also filed their responses to defendants' motions for summary judgment on September 9, 2014, relying on their proposed supplemental complaint in arguing against summary judgment. Furthermore, in the other pending pretrial motions before the Court, the Powells' arguments hinge on the existence of a supplemental complaint, whereas Camping World, Winnebago, Mercedes Benz, and Truck Centers' respective arguments hinge on their request that the Court deny the Powells leave to file the supplemental complaint. Therefore, the Court addresses first the Powell's motion for leave to file a supplemental complaint and second the other pending motions before the Court.

### II. Motion For Leave To File Supplemental Complaint

As stated above, the Powells filed a motion for leave to file a supplemental complaint on September 9, 2014. The deadline for amending pleadings was August 12, 2013. The Powells' supplemental complaint attempts to add a claim of negligence against Camping World, Winnebago, and Mercedes Benz. Furthermore, the supplemental complaint proposes to amend the Powells' prior claims of breach of contract, deceit, and revocation of acceptance against Camping World, Winnebago, and Mercedes Benz to allege that contaminated fuel, and these defendants' responsibility for the fuel, is the factual basis for the claims.

The Powells' motion to file a supplemental complaint, which seeks to further amend their first amended complaint, underscores the interplay between Federal Rules of Civil Procedure 15(a) and 16(b). Rule 15(a) concerns the pretrial amendment of pleadings and provides that,

when a party seeks an amendment "as a matter of course" and under the court's leave, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *see also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Rule 16(b) governs the court's modification of pretrial scheduling orders, and states that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Eighth Circuit precedent establishes that "'[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule.'" *Sherman*, 532 F.3d at 709 (quoting *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)). "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman*, 532 F.3d at 716. The Powells filed their motion to supplement their complaint nearly 13 months after the deadline for amending pleadings set out in the Final Scheduling Order; therefore, the Powells must show good cause for this Court to grant leave to amend.

The good-cause standard first measures "the movant's diligence in attempting to meet the order's requirements." *Id.* at 716-17. Although prejudice of the nonmoving party may be a relevant factor, the court "will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Id.* at 17 (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). The moving party fails to show good cause when there has been "no change in the law, no newly discovered facts, or any other changed circumstance. . . after the scheduling deadline for amending pleadings." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).

In this case, the Powells contend that newly discovered facts justify the filing of their motion for a supplemental complaint 13 months after the deadline for amending pleadings.

8

Specifically, the Powells argue that they did not know until Mr. Byrd's deposition on August 14, 2014, that the Motorcoach was delivered to Winnebago immediately after the date on Mercedes Benz's certificate of origin and, therefore, that Winnebago had possession of the Motorcoach for approximately six months with low amounts of fuel in the tank. Moreover, the Powells claim that it was not until the deposition of their expert Mr. Carrick that they could develop the new theory underlying the amended claims in their supplemental complaint—that the Motorcoach's six-month rest with low fuel in 2011 caused the Motorcoach to malfunction on July 26, 2012.

In this case, the deadline for adding parties or amending pleadings was August 12, 2013. In filing their motion for leave to file a supplemental complaint, the Powells argue that they discovered new facts and circumstances indicating that Winnebago and Mercedes Benz held the Motorcoach for an extended period of time with low amounts of fuel in the Motorcoach. The Court finds that the Powells discovered new facts as of May 8, 2014, when Winnebago served the Powells with interrogatory answers indicating that the fuel tank on the Motorcoach "contained a small amount of fuel" when Winnebago received the Motorcoach from Mercedes Benz. The Court is skeptical that waiting from May 8, 2014, when the discovery responses were served to September 9, 2014, to request leave to file a supplemental complaint equates to diligence on the part of the Powells. Regardless, because the Powells discovered these new facts and circumstances well after the deadline for amending pleadings had passed and given the facts and circumstances of this case, the nature of the claims alleged, and the type of damages claimed in this matter, the Court finds that the Powells have shown good cause for this Court to grant their motion for leave to file a supplemental complaint.

Defendants contend that the Powells were not diligent because the Powells did not file their motion for leave to file a supplemental complaint prior to the deadline for case-in-chief

expert disclosures, which was May 30, 2014, or for rebuttal expert disclosures, which was June 30, 2014. Nonetheless, at the motion hearing before the Court, defendants represented that, even if the Court were to permit the filing of the supplemental complaint, defendants would be ready for trial on the scheduled date of October 27, 2014, and would not be prejudiced so long as defendants were able to identify an additional expert witness on the issue of fuel contamination and were permitted to brief on an expedited basis certain arguments supporting the dismissal of claims stated in the supplemental complaint. As the Court indicated at the motion hearing and as ordered herein, the Court will allow defendants to identify an additional expert or experts on the issue of fuel contamination, preventing prejudice to defendants, and will permit defendants to brief arguments supporting the dismissal of certain claims stated in the supplemental complaint.

Therefore, the Court finds that the Powells have shown good cause under Rule 16(b) to file a supplemental complaint after the deadline for amending pleadings has passed; and that defendants will not be prejudiced as the Court grants leave for defendants to identify an additional expert or additional experts on the issue of fuel contamination and will permit briefing to challenge the claims stated in the supplemental complaint. The Court grants the Powells' motion for leave to file a supplemental complaint (Dkt. No. 46). The Powells have 10 days, up to and including Friday, October 24, 2014, to re-sign and refile their supplemental complaint.

### III. Other Pending Motions Before The Court

Several motions remain pending before the Court, including Camping World, Winnebago, and Mercedes Benz's motions for summary judgment, and several evidentiary motions filed by the Powells, Camping World, Winnebago, and Mercedes Benz. As noted above, Camping World, Winnebago, and Mercedes Benz's pending motions before the Court

address only the claims in the Powells' first amended complaint and argue against allowing the Powells to file their supplemental complaint. These motions do not address the claims raised in, or issues arising out of, the Powells' proposed supplemental complaint. Therefore, because this Court has granted the Powells' motion for leave to file a supplemental complaint, the Court denies as moot all other pending motions before it.

Accordingly, the Court denies as moot Camping World's motion for summary judgment (Dkt. No. 32); Winnebago's motion for summary judgment (Dkt. No. 38); Mercedes Benz's motion for summary judgment (Dkt. No. 37); the Powells' motions to exclude (Dkt. Nos. 40, 41, 87, 93, 94); Camping World's motions in limine (Dkt. Nos. 63, 83); and Winnebago and Mercedes Benz's joint motions to exclude (Dkt. Nos. 84, 91, 99). To the extent that the parties wish to renew at the appropriate time arguments for the Court's consideration made in these prior motions, they may do so by incorporating such arguments into new motions filed, citing Federal Rule of Civil Procedure 10(c).

## IV.   Other Issues

Issues remaining before the Court include setting deadlines for additional discovery, scheduling of a new trial date, and setting new pretrial deadlines. As to the additional discovery, the Court directs all parties to confer and advise the Court within ten days of the date of this Order as to the scope and time needed for such additional discovery. To the extent they are able to do so, the parties are directed to submit to the Court a joint report on these issues. If the parties are unable to agree on all issues, each party may make its own submission to the Court within ten days of the date of this Order. Pursuant to the Court's ruling on the Powells' motion for leave to file a supplemental complaint, and as stated at the motion hearing, the Court grants

defendants leave to file a supplemental expert disclosure identifying an expert or experts on the issue of fuel contamination.  As to the new trial date and the new pretrial deadlines, the Court will set those dates and deadlines by separate order.

  SO ORDERED this 16th day of October, 2014.

  _____
  KRISTINE G. BAKER
  UNITED STATES DISTRICT JUDGE